### J. C. COCHRAN v. M. PRIDDY.

Decided February 1, 1908.

**Note—Innocent Purchaser—Burden of Proof.**

Where, in a suit upon a promissory note, the defendant, the maker of the note, admits that the plaintiff has a good cause of action except in so far as it might be defeated by proof of failure of consideration and notice of that fact to the plaintiff, the defendant thereby assumes the burden of proof, and to justify a verdict in his favor the evidence must amount to more than a mere suspicion that the plaintiff had notice of the vice in the note before his purchase of the same.

Appeal from the County Court of Parker County. Tried below before Hon. R. L. Stennis.

*Bernard Martin* and *H. C. Shropshire,* for appellant.—In support of the assignment that the verdict was without sufficient evidence to support it, cited: Watzlavzick v. Oppenheimer, 38 Texas Civ.

App., 306; Prouty v. Musquiz, 94 Texas, 87; Brown v. Thompson, 79 Texas, 58; Kaufman & Runge v. Robey, 60 Texas, 308; Word v. Elwood, 90 Texas, 130; National Bank of Commerce v. Kenney, 98 Texas, 293; Lewis v. Ross, 95 Texas, 358; Rotan v. Maedgen, 24 Texas Civ. App., 558; Mulberger v. Morgan, 47 S. W. Rep., 379; Alexander v. Bank of Lebanon, 47 S. W. Rep., 840; Stephens v. Summerfield, 22 Texas Civ. App., 182; Raats v. Gordon, 51 S. W. Rep., 651; Roach v. Davis, 54 S. W. Rep., 1070; Hynes v. Winston, 40 S. W. Rep., 1025; Buchanan v. Wren, 10 Texas Civ. App., 560; Wright v. Hardie, 30 S. W. Rep., 675; Campbell v. Jones, 2 Texas Civ. App., 263; Herman v. Gunter, 83 Texas, 66; Hardie v. Wright, 83 Texas, 345; Denton Lumber Co. v. First National Bank of Fond Du Lac, 18 S. W. Rep., 962; Petri v. First Nat. Bank, 83 Texas, 424; Petri v. Fond Du Lac Nat. Bank, 84 Texas, 212

*Hood & Shadle* and *Preston Martin,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a suit originally brought by J. C. Cochran against M. Priddy to recover the amount due on three certain promissory notes for thirty-five dollars each, executed by the defendant to the Eldorado Jewelry Company, alleging that the plaintiff had purchased said notes for value before maturity and without any notice of any defense thereto. The defense was that the notes were given for a lot of worthless jewelry falsely and fraudulently represented to be good, and that plaintiff either paid no value for the same or had notice of their vice. A trial before a jury resulted in a verdict and judgment for the defendant.

We sustain appellant's contention that the verdict is contrary to law and unsupported by the evidence. The agreement of the parties entered into at the time of trial by which the appellee admitted the appellant's cause of action, save only in the event he could establish his defense, placed the burden of proof upon appellee to establish such defense, a material element of which was that appellant had notice of the fraud perpetrated in the sale of the jewelry to appellee at the time he, appellant, purchased the notes sued on. We have carefully examined the evidence, and while it abounds with proof of failure of consideration and possibly fraud with respect to the representations made as to the character of the jewelry, yet there is no positive evidence that appellant had notice of the same prior to his purchase of the notes. The circumstances in evidence are not sufficient to raise more than a suspicion that he might have known of some vice in the paper.

We therefore conclude that the evidence does not support the verdict and judgment, and reverse the judgment of the County Court and remand the cause for another trial.

*Reversed and remanded.*